UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN CHARLES FORTNER.,

        Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.

Case No. 2:21-cv-1529
2:17-cr-243
Judge MICHAEL H. WATSON
Magistrate Judge Elizabeth A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner/Defendant John Charles Fortner has filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 (ECF No. 64.)  The Respondent/Plaintiff United States of America has filed a memorandum *contra* (ECF No. 72.)  Fortner did not file a reply, and the time to do so has expired The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.  For the reasons set forth below, it is **RECOMMENDED** that Fortner's Motion be **DENIED**.

### I. Factual Background and Procedural History

On October 19, 2017, a federal grand jury indicted Fortner on one count of attempt to persuade, induce, or entice a minor into sexual activity (Count One) and one count of doing so while registered as a sex offender in Ohio (Count Two) (Indictment, ECF No. 13, PageID 22-23.) Fortner moved to dismiss Count Two (Motion, ECF No. 22); this motion was denied on March 26, 2018 (Order, ECF No. 28.)  Thereafter, Fortner and the United States entered into a plea agreement, in which, among other provisions, Fortner agreed to waive his appeal rights except as to:  the denial of the motion to dismiss Count Two; ineffective assistance of counsel; prosecutorial

misconduct; and the sentence imposed, were it to exceed the statutory maximum (Plea Agreement, ECF No. 30, PageID 127.) On February 14, 2019, Fortner was sentenced to 120 months each as to Counts One and Two, to run consecutively (Judgment, ECF No. 51, PageID 186.)

Fortner undertook a limited appeal as to the dismissal of Count Two; the United States Court of Appeals for the Sixth Circuit affirmed this Court on November 25, 2019. *United States v. Fortner*, 943 F.3d 1007 (6th Cir. 2019). The United States Supreme Court denied certiorari on March 30, 2020. *Fortner v. United States*, No. 19-7781, 140 S.Ct. 2586 (Mem.) (2020).

On March 8, 2021 (Motion, ECF No. 63, PageID 270), Fortner filed a Motion for Extension of Time in which to File a § 2255 Petition. (*Id*. at PageID 269.) Therein, he argued that "[t]he extraordinary circumstances of COVID-19 and its subsequent lockdowns and resulting deprivations such as law library, training, copying[,] discussion, etc. . . . and my poor knowledge of the law has [*sic*] left me requiring more time." (*Id*.) On March 26, 2021 (Motion, ECF No. 64-1, PageID 290), Petitioner filed the instant Motion (ECF No. 64.) On April 6, 2021, the undersigned denied as moot the Motion for Extension of Time (Order, ECF No. 65.)

**II.     Legal Standard**

28 U.S.C. § 2255 enables an individual incarcerated under a federal sentence to challenge that sentence.

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). "This statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." *United States v. Addonzio*, 442 U.S.

178, 185 (1979) (citation omitted). To prevail, a petitioner must show that the court of judgment lacked jurisdiction, there was a constitutional error, an error of law that "constituted a fundamental defect which inherently results in a complete miscarriage of justice[,]" or an error of fact "where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *Id*. at 185-86 (internal quotation marks and citations omitted).

### III. Analysis

#### A. Fortner's Claims are not Time-Barred

28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It is undisputed that Petitioner's conviction became final on March 30, 2020, when the United States Supreme Court denied certiorari. *Fortner*, 140 S.Ct. 2586. Thus, the statute of limitations expired on March 30, 2021. The United States argues that Fortner's claims are time-barred because he did not file the Motion until April 5, 2021, and did not demonstrate why equitable tolling should operate (Memo. in Opp., ECF No. 72, PageID 316-17.) Not so. While the Motion was docketed in this Court on April 5 (Motion, ECF No. 64), under the prison mailbox rule, a document is considered filed on the date it is deposited in the prison mail system. *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016) (*quoting Houston v. Lack*, 487

U.S. 266, 276 (1988)). Here, the Motion was deposited no later than March 26, 2021 (ECF No. 64-1, PageID 290), within the statute of limitations period. Accordingly, Fortner's Motion is timely and will be considered on its merits.

> **B.** **Fortner's Claims are Meritless**
>
>> **1.** **Failure to seek dismissal due to outrageous government conduct**

Fortner claims that counsel was ineffective in failing to seek dismissal of the indictment because the government's conduct in inducing Fortner into illegal activity was egregious and outrageous, in violation of his Due Process and Free Speech rights under the Fourteenth and First Amendments, respectively (Motion, ECF No. 64, PageID 274-75.) Fortner appears to be arguing entrapment, which is a defense, not a basis for dismissing an indictment. *United States v. Loukas*, No. 89-2033, 909 F.2d 1485 (TABLE), 1990 WL 99496, at *1-2 (6th Cir. Jul. 18, 1990), quoting *Mathews v. United States,* 485 U.S. 58, 63 (1988); *United States v. Meyer,* 803 F.2d 246, 249 (6th Cir.1986). Given that it is highly unlikely that the trial court, on motion, would have dismissed the indictment based on entrapment, it was not ineffective assistance of counsel to fail to make such a motion.

Further, as the United States points out, arguments that outrageous government conduct can excuse prosecution of otherwise predisposed individuals has been roundly rejected (Memo. in Opp., ECF No. 72, PageID 319-20, citing Aff., ECF No. 72-1; *United States v. Russell* 411 U.S. 423, 430-32 (1973); *United States v. Tucker*, 28 F.3d 1420, 1424-25 (6th Cir. 1994).) "[T]he lower courts, including the Sixth Circuit, have generally been disinclined to vary from the entrapment rules laid out in *Russell* and apply a standard that focuses on the government's conduct rather than a defendant's predisposition." (*Id*. at PageID 321, citing *United States v. Harney*, 934 F.3d 502, 506 (6th Cir. 2019); *Monea v. United States*, 914 F.3d 414, 419 (6th Cir.

2019); *United States v. Warwick*, 167 F.3d 965, 974 (6th Cir. 1999).)  Here, Fortner contacted an undercover officer, sent a series of explicit messages, and confirmed his desire to engage in intercourse with the officer's fictitious underage daughter (Plea Agreement, ECF No. 30, PageID 130-31.)  As the United States put it, this was the conduct of an unwary criminal, not an unwary innocent (Memo. in Opp., ECF No. 72, PageID 320, quoting *Russell*, 411 U.S. at 429), and failing to seek dismissal in such a circumstance was not ineffective assistance.  Claim One should be denied.

## 2. Failure to seek dismissal based on actual innocence

Fortner argues that federal law requires an actual minor to be enticed, not an undercover agent posing as having a minor child (Motion, ECF No. 64, PageID 277.)  He further claims that he was factually innocent because he never expressly sought sex from the fictitious thirteen year old; rather, he only sought a meeting with her, a request that was later retracted.  (*Id*. at PageID 277-78.)  Fortner's argument is unavailing.  As the United States correctly notes, "the statute criminalizes an intentional attempt to achieve a mental state, the minor's assent."  (Memo. in Opp., ECF No. 72, PageID 324-25, citing *United States v. Roman*, 795 F.3d 511, 516 (6th Cir. 2015).)  Here, Fortner sent numerous messages in the hopes of setting up a meeting and obtaining the fictitious minor's assent (Plea Agreement, ECF No. 30, PageID 130-31.)  It is undisputed that Fortner's counsel understood the law and the facts of the case, and explained why Fortner could not obtain a dismissal based on innocence (Aff., ECF No. 72-1, PageID 334-35, ¶¶ 8-9.)  Thus, it was not ineffective assistance in failing to move to dismiss the indictment based on actual innocence, and Claim Two should be denied.

### 3. Unjust indictment

Fortner claims that his indictment and sentencing constituted cruel and unusual punishment as a result of prosecutorial misconduct (Motion, ECF No. 64, PageID 280.) The United States correctly construes his unclear allegations as "claims that the government's decision to charge him with the § 2260A offense involved both prosecutorial vindictiveness and cruel or unusual punishment." (Memo. in Opp., ECF No. 72, PageID 327.) Specifically, Fortner appears to argue that the United States posting a phony Craigslist advertisement was a bad faith exercise that made his intent to ascertain his intent to entice a minor into sexual activity (Motion, ECF No. 64, PageID 280.) Moreover, Fortner claims that the decision to have his sentences run consecutively, rather than concurrently, was unjust, given that there was no actual minor involved. (*Id.*)

Fortner fails to point out what misconduct occurred that could be classified as prosecutorial in nature. He has not alleged, for example, that the United States retaliated against him after Fortner exercised a protected statutory or constitutional right (Memo. in Opp., ECF No. 72, PageID 327-28 (citations omitted).) Indeed, in his plea agreement, the United States not only allowed Fortner to reserve his right to appeal the denial of the dismissal of Count Two, but agreed to the statutory minimum sentence for Count Two and only 120 months for Count One, compared to 360 months to life under the Sentencing Guidelines and 240 months recommended in the Presentence Investigative Report. (*Id*. at PageID 329, citing Sentencing Memo., ECF No. 45, PageID 157.) In light of this contrary evidence, Fortner has not met his burden of showing vindictive conduct by the United States, and his argument as to prosecutorial misconduct fails.

Fortner's argument that the sentence constituted cruel and unusual punishment has two procedural hurdles that he did not surmount. *First*, the argument was available but not raised on

direct appeal and is therefore waived. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). *Second*, in the Plea Agreement, Fortner agreed to waive almost all grounds for appeal, and length of sentence was not one of the exceptions because the sentences did not exceed the statutory maximums (ECF No. 30, Page ID 127.)  Thus, it cannot be considered an independent ground for relief.  Even liberally construing the claim, as the United States does, as one alleging ineffective assistance of appellate counsel in failing to raise the claim (Memo. in Opp., ECF No. 72, PageID 330), does not save the claim because appellate counsel likely (and reasonably) believed that the plea agreement foreclosed Fortner from raising it.  It is axiomatic that omitting a meritless argument from appeal is not ineffective assistance. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).  Thus, Claim Three must be denied.

### 4. Failure to seek dismissal of indictment based on confrontation of witnesses

While not a model of clarity, the undersigned construes Claim Four as claiming a Sixth Amendment violation because Fortner was unable to confront the "phantom child" and "actor intermediary" who, he argues, formed the basis of the charges against him (Motion, ECF No. 64, PageID 283.)  Fortner misapprehends his Confrontation Clause protections, which extend only as to witnesses who offer testimony against him. *Crawford v. Washington*, 541 U.S. 36, 51 (2004).  Here, the "phantom child" could not offer testimony, and by entering into a plea agreement, Fortner waived his right to trial and the chance to confront the "actor intermediary" or any other witness that might have offered testimony against him.  Accordingly, it was not ineffective assistance for counsel not to raise a Confrontation Clause challenge, and Claim Four should be denied.[1]

---

[1] As Fortner's claims are without merit, the undersigned need not evaluate Fortner's arguments regarding exhaustion of claims and the timeliness of his Motion (ECF No. 64, PageID 285-86.)

## IV. Recommended Disposition

For the foregoing reasons, it is recommended that Fortner's Motion to Vacate be **DENIED** and the action **DISMISSED WITH PREJUDICE**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: October 19, 2021                              s/ *Elizabeth A. Preston Deavers*
                                                    ELIZABETH A. PRESTON DEAVERS
                                                    UNITED STATES MAGISTRATE JUDGE